**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                          May 8, 2015

Courtroom Deputy:   Kathleen Finney
Court Reporter:         Tracy Weir
Probation Officer:      Gary Burney
Interpreter:                Cathy Bahr

**Criminal Action No.  14-cr-00329-REB-2**

*Parties:*                                                          *Counsel:*

UNITED STATES OF AMERICA,                    Barbara Skalla

    Plaintiff,

v.

2.  RAMIRO RUIZ,                                             Siddhartha Rathod

    Defendant.

**SENTENCING MINUTES**

**11:15 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter: government and defendant stipulate as to interpreter's qualifications; interpreter sworn.

Court's opening remarks.  Prior to the commencement of these proceedings, the court conferred informally with counsel and probation in chambers.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the government confirms that counsel has read the presentence report.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report with the defendant.

Defendant is sworn.

Statement by the defendant.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:
>
> 1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;
>
> 2. That the pending motions are resolved as follows: the defendant's **Motion for Non-guideline Sentence**[#222] filed May 1, 2015 is **DENIED AS MOOT**; the **Government's Motion Regarding U.S.S.G. Section 3E1.1(b)** [#225] filed May 6, 2015 is **GRANTED**; and that Restricted Document [#230] is **GRANTED**;
>
> 3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 3 of the Indictment and Count 1 of the Information;
>
> 4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **30 months** on Count 3 of the Indictment, and **24 months** on Count 1 of the Information, to be served concurrently, for a total of 30 months;
>
> 5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years on Count 3 of the Indictment and a term of one (1) year on Count 1 of the Information, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;
>
> 6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:
>
>    • all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    • all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    • the following explicit or special conditions of supervised release:

        • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        • that the defendant shall not possess or use illegally controlled substances;

        • that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        • that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        • that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        • that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

11. That the oral motion of the government to dismiss with prejudice Count 1 of the Indictment is **GRANTED**; and

    12.    That the defendant is remanded to the custody of the United States Marshal.

The defendant is advised of the right to appeal the sentence imposed by the court.

**11:37 a.m.    Court in recess.**

Total time in court:00:22

Hearing concluded.